**UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **LENA M. THOMAS, an individual,** | **1:18-cv-00856-LJO-BAM** |
| **Plaintiff,** | **MEMORANDUM DECISION AND ORDER RE PLAINTIFF'S MOTION TO REMAND; DEFENDANT'S MOTION TO TRANSFER, OR, IN THE ALTERNATIVE, DISMISS** |
| v. | |
| **FACEBOOK, INC., a foreign corporation; DOES 1-100, unnamed individuals; DOES 1-20, unnamed corporations,** | |
| | **ECF Nos. 4, 7** |
| **Defendants.** | |

## I. INTRODUCTION

Plaintiff Lena Thomas ("Plaintiff" or "Thomas"), appearing *pro se*, filed this case in Madera County Superior Court on April 19, 2018 against Defendant Facebook, Inc. ("Defendant" or "Facebook"). ECF No. 1-1, Complaint ("Compl."). Facebook removed the case to this Court on June 21, 2018. ECF No. 1. Plaintiff sues Facebook under a long list of federal and state statutes, both criminal and civil, alleging that certain unnamed individuals said offensive things about or towards her on Facebook and made fake profiles to try to target her. On June 28, 2018, Defendant moved to transfer venue to the Northern District of California, or, in the alternative, to dismiss the complaint. ECF No. 4. Plaintiff filed an opposition, as well as a separate motion to remand the case to state court. ECF Nos. 5, 7. Defendant opposed the remand motion, ECF No. 10, and filed a reply in support of its motion to transfer venue or, in the alternative, dismiss, ECF No. 11. Plaintiff filed a reply (styled as an "opposition") in support of her remand motion. ECF No. 12. The matter is now ripe for review and is

1

suitable for disposition without oral argument. *See* Local Rule 230(g).

## II. **BACKGROUND**

Plaintiff is a resident of Fresno, California. Compl. ¶ 4. Plaintiff alleges that she created a Facebook account "[o]n or about September 2011." *Id.* ¶ 12.

Facebook is a free-to-use social networking platform with over 2.2 billion monthly active users. ECF No. 4-2 at 1. Individuals using the Facebook service have the ability to create and share content with others through their personal profiles. *Id.* Facebook is incorporated in Delaware, and the company's principal place of business is in Menlo Park, California. ECF No. 4-1, Declaration of Michael Duffey ("Duffey Decl.") ¶ 3; *see also* Compl. ¶ 7.

As a condition of signing up to use Facebook, Plaintiff agreed to the Facebook terms of use, known as the "Statement of Rights and Responsibilities" ("SRR"). Duffey Decl. ¶¶ 4-5. The SRR in effect in September 2011 included a forum selection clause requiring that "any claim, cause of action or dispute (claim) you have with us arising out of or relating to this Statement or Facebook will be resolved exclusively in a state or federal court located in Santa Clara County," which is within the Northern District of California. *Id.* ¶ 6 & Ex. A.

Although portions of the complaint are not altogether clear, Plaintiff alleges generally that Facebook:

> [A]s themselves or under various aliases and those employed by them or under their direction; and by means of illegal and torturous security and data breaches and invasions of privacy . . . engaged in targeting behaviors, data mining, data breaches, security breaches, invasions of privacy, aiding and abetting conduct and behavior, a conspiracy, various forms of tampering, debauchery, spying, and other illegal activity against Plaintiff; thereby violating Plaintiff's rights pursuant to all of the following statutes: 18 U.S.C. § 1030(I)(12(g); CPC § 31; Aiding and Abetting; CPC 182 PC: Conspiracy; CPC § 646.9: Cyber-stalking; CPC § 602; Criminal Trespass; CPC § 502; Invasions of Privacy; . . . Anti-Stalking Law; CPC § ; Obscene Display/Distribution; Cal. Pen. Code § 653.2: Indirect Harassment; Cal. Pen. Code § 502; Computer Data Access; and Title 12 USC § 1976: Injunctive Relief, and all statutes as stated herein . . . .

Compl. ¶ 8.

## III. LEGAL STANDARDS

### A. Motion To Remand

A state-court defendant may remove a case from state to federal court if the federal courts would have original jurisdiction over the case. 28 U.S.C. § 1441(a). To accomplish this task, the removing defendant files a notice of removal in the federal district court in the district and division within which the state court action was pending. 28 U.S.C. § 1446(a). The notice must contain "a short and plain statement of the grounds for removal," together with a copy of "all process, pleadings, and orders" served previously on the removing defendant. 28 U.S.C. § 1446(a). The plaintiff may then challenge the removal on the basis that the requirements for subject-matter jurisdiction have not been met.

District courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Determination of federal question jurisdiction "is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). To invoke federal question jurisdiction, a complaint must establish "either that (1) federal law creates the cause of action or that (2) plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Williston Basin Interstate Pipeline Co. v. An Exclusive Gas Storage & Easement*, 524 F.3d 1090, 1100 (9th Cir. 2008).

### B. Change Of Venue And Forum Selection

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought . . . ." 28 U.S.C. § 1404(a). The federal venue statute requires that a civil action, other than one based on diversity jurisdiction, be brought in "(1) a judicial district where any defendant resides, if all defendants are residents of the same State in which the district is located, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be

brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b).

"A forum selection clause is presumptively valid; the party seeking to avoid a forum selection clause bears a 'heavy burden' to establish a ground upon which [a court] will conclude the clause is unenforceable." *Doe 1 v. AOL LLC*, 552 F.3d 1077, 1083 (9th Cir. 2009). There are three circumstances under which enforcement of a forum selection clause would be unreasonable: "(1) if the inclusion of the clause in the agreement was the product of fraud or overreaching; (2) if the party wishing to repudiate the clause would effectively be deprived of his day in court were the clause enforced; and (3) if enforcement would contravene a strong public policy of the forum in which suit is brought." *Murphy v. Schneider Nat'l, Inc.*, 362 F.3d 1133, 1140 (9th Cir. 2004) (internal citations and quotation marks omitted). Forum selection clauses are also scrutinized for "fundamental fairness," and may be deemed unfair if inclusion of the clause was motivated by bad faith, or if the party had no notice of the forum provision. *Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 595 (1991). "The party challenging the clause bears a 'heavy burden of proof . . . .'" *Murphy*, 362 F.3d at 1140 (quoting *M/S Bremen v. Zapata Off–Shore Co.*, 407 U.S. 1, 17 (1972)).

## IV. DISCUSSION

The Court must determine whether or not it has subject-matter jurisdiction before considering the other issues raised by Defendant. *See Bookout v. Beck*, 354 F.2d 823, 825 (9th Cir. 1965) ("jurisdiction must be first found over the subject matter and the person before one reaches venue"); *see also Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94 (1998) ("Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." (citation omitted)). Therefore, because Plaintiff's motion to remand implicates the question of this Court's jurisdiction, the Court considers Plaintiff's motion to remand the matter to state court before considering Defendant's motion to transfer venue or, in the alternative, dismiss.

4

**A. Motion To Remand**

In support of her motion to remand, Plaintiff makes three arguments: (1) Defendant's removal was untimely, (2) removal was improper because the case involves "concurrent jurisdiction," and (3) removal was improper because Defendant did not meet-and confer with her under California Code of Civil Procedure § 430.41(a)(2).[1] Each of these arguments lacks merit.

### 1. Timeliness Of Removal

Plaintiff asserts that Defendant was required to file its notice of removal within 30 days of the date that she mailed the Complaint to Defendant. However, the law is clear that the 30-day deadline for removal under 28 U.S.C. § 1446(b) begins to run once the defendant has been formally served. *See Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999). Defendant was served by mail using the procedure set forth in California Code of Civil Procedure § 415.30, which provides that "service . . . is deemed complete on the date a written acknowledgement of receipt of summons is executed." Cal. Civ. Proc. Code § 415.30(c). It is undisputed that Defendant signed and returned the Notice and Acknowledgement of Receipt within 20 days of its mailing, pursuant to California Code of Civil Procedure § 415.30, and that it filed and served its removal papers within 30 days of that date of formal service, pursuant to 28 U.S.C. § 1446(b). ECF No. 1-1, Declaration of Matan Shacham ¶ 3 & Ex. A. Defendant complied with the applicable state and federal laws regarding service and removal. Removal was timely.

### 2. Concurrent Jurisdiction

Plaintiff's second argument, that removal was improper because the case could be heard in state court, fundamentally misapprehends the scope of federal question jurisdiction. Removal is not limited to cases where federal courts have exclusive jurisdiction. Although Plaintiff was entitled to bring her

---

[1] Plaintiff also argues that "the Clerk erred when it was ruled that the Request for Entry of Default Judgment was '*premature*' and granted the Request for Dismissal of the DOES, etc." ECF No. 7 at 3-4. As far as the Court is aware, this argument has no bearing on removal or remand, and is otherwise unintelligible. Therefore, the Court will not address it.

5

claims in state court, defendant was entitled to remove the case to the extent that it raised a federal question. Here, Plaintiff asserts several causes of action under federal law. ECF No. 1-1. Therefore, this is an action "arising under" the laws of the United States, thereby conferring original federal question jurisdiction on this Court. 28 U.S.C. § 1331. This Court also has supplemental jurisdiction over the remaining state law claims under 28 U.S.C. § 1367. Accordingly, removal was proper. 28 U.S.C. § 1441(a).

### 3. Meet-And-Confer

Lastly, Plaintiff argues that removal was improper because Defendant did not meet-and-confer with her pursuant to California Code of Civil Procedure § 430.41(a)(2) before removing this case. Cal. Civ. Proc. Code § 430.41(a)(2). That statute requires that defendant meet-and-confer before filing a demurrer in California state court. *Id.* Defendant is not required under any federal or state statute or rule to meet-and-confer with Plaintiff prior to removing an action to federal court. Likewise, there is no requirement that Defendant meet-and-confer with Plaintiff before filing a motion to dismiss in federal court. Plaintiff's third argument for remand fails.

## B. Change of Venue

Defendant argues that this case should be transferred to the Northern District of California pursuant to 28 U.S.C. § 1404 because Plaintiff agreed to litigate these claims in state or federal court within the Northern District of California under Facebook's terms of use, known as the Statement of Rights and Responsibilities ("SRR"). As a condition of signing up for Facebook, Plaintiff agreed to the SRR. Duffey Decl. ¶¶ 4-5. The SRR that Plaintiff signed contained a forum selection clause providing that "any claim, cause of action or dispute (claim) you have with us arising out of or relating to this Statement or Facebook will be resolved exclusively in a state or federal court located in Santa Clara County," which is within the Northern District of California. *Id.* ¶ 6 & Ex. A. Plaintiff does not

meaningfully address Defendant's argument with respect to transfer in her opposition.[2]

Courts routinely uphold forum selection clauses in form contracts between consumers and businesses. *Carnival Cruise Lines*, 499 U.S. at 587 (1991); *see also Meier v. Midwest Recreational Clearinghouse, LLC*, No. 210-CV-01026, 2010 WL 2738921, at *3 (E.D. Cal. July 12, 2010) (upholding forum selection clause contained in click-wrapped terms of service on auction website). The principle articulated in *Carnival Cruise Lines* – that forum selection clauses in form contracts are presumptively enforceable – has been consistently and routinely applied to forum selection clauses contained in click through user agreements on websites. *Fteja v. Facebook, Inc.*, 841 F. Supp. 2d 829, 838-39 (S.D.N.Y. 2012). Numerous courts have affirmed the validity and enforceability of Facebook's SRR and the forum selection clause contained therein. *See Dolin v. Facebook, Inc.*, 289 F. Supp. 3d 1153, 1159-60 (D. Haw. 2018) (collecting cases). Indeed, the Court is not aware of any case concluding that the forum selection clause in Facebook's SRR is invalid. *See, e.g.*, *Franklin v. Facebook, Inc.*, No. 1:15-cv-00655-LMM, 2015 WL 7755670, at *2 (N.D. Ga. Nov. 24, 2015) ("The Court cannot identify a single instance where any federal court has struck down [Facebook's] SRR as an impermissible contract of adhesion induced by fraud or overreaching[.]"); *Fteja*, 841 F. Supp. 2d at 835 (enforcing forum-selection clause based on disclosure below "Sign Up" button).

Plaintiff has not satisfied her "heavy burden" of showing that the forum selection clause in Facebook's SRR was fraudulent or overreaching, that its enforcement would deprive her of day in court, that it contravenes public policy, or that it otherwise does not comport with fundamental fairness. *Murphy*, 362 F.3d at 1140. On the contrary, Plaintiff offers no explanation for why this Court should not enforce the forum selection clause contained in Facebook's SRR, nor is the Court aware of any legal reason why that clause should not be enforced. Defendant's motion to transfer this matter to the

---

[2] The table of contents in Plaintiff's opposition brief includes headings that ostensibly address Defendant's arguments, such as: "Plaintiff has no knowledge of agreeing to litigate the present lawsuit in the Northern District;" "Plaintiff rebuts the presumption that Defendant's forum-selection clause should be enforced;" and "Plaintiff shows extraordinary circumstances requiring deviation from Defendant's forum-selection clause." ECF No. 5 at 2. However, there are no arguments in Plaintiff's brief that correspond to these headings.

Northern District of California is GRANTED.  Because the Court grants Defendant's motion to transfer, Defendant's motion to dismiss in the alternative is DENIED AS MOOT.

## V. CONCLUSION AND ORDER

For the foregoing reasons,

1) Plaintiff's motion to remand the case to state court is DENIED;
2) Defendant's motion to transfer venue to the Northern District of California is GRANTED;
3) Defendant's motion to dismiss the complaint is DENIED AS MOOT.

IT IS SO ORDERED.

Dated: __**August 14, 2018**__        _____/s/ Lawrence J. O'Neill_____
                                                                          UNITED STATES CHIEF DISTRICT JUDGE